UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CROCKER PARK, LLC            :  CASE NO. 1:08-CV-2127
                             :
     Plaintiff,              :
                             :
vs.                          :  ORDER & OPINION
                             :  [Resolving Doc. No. 7]
LUCKY BRAND DUNGAREES STORE, :
INC c/o LIZ CLAIBORNE,       :
                             :
     Defendant.              :
                             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Crocker Park LLC ("Crocker Park") moves to remand this case to state court. [Doc. 7.] In support of the motion, the Plaintiff argues that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Defendant Lucky Brands Dungarees Stores, Inc. ("Lucky Brands") opposes the motion. [Doc. 10.] For the reasons discussed below, this Court **DENIES** the Plaintiff's motion to remand.

I. Background

In August 2007, Plaintiff Crocker Park and Defendant Lucky Brands entered a lease that called for Lucky Brands to rent premises in the Crocker Park Shopping Center located in Westlake, Ohio. In April 2008, Defendant Lucky Brands gave notice of its intention to terminate the lease. The Defendant has no complied with the lease since then. On August 7, 2008, Plaintiff Crocker Park filed a complaint in the Cuyahoga County Court of Common Pleas against Defendant Lucky Brands. [Doc. 2.] In the complaint, the Plaintiff sought specific performance of the lease requiring Defendant to take delivery and possession of the premises, commence construction of tenant's improvement, and open and stay open for business throughout the term of the lease. [*Id.* at 4.] Furthermore, Crocker Park

Case No. 1:08-CV-2127
Gwin, J.

sought declaratory judgment that it has complied with the lease and the Defendant has not, and preliminary and permanent injunctive relief against the Defendant. [*Id.* at 4-5.] On September 3, 2008, Defendant Lucky Brands removed the case to this Court. [Doc. 1-1.]

## II. Legal Standard

Federal district courts have jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). When a plaintiff seeks unspecified damages, the defendant removing the case to federal court must establish that the amount in controversy more likely than not exceeds the jurisdictional amount at the time of the removal notice. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). The defendant must establish jurisdiction by a preponderance of the evidence. However, the defendant need not satisfy the "daunting burden of proving [amount in controversy], to a legal certainty," which would "require the defendant to research, state and prove the plaintiff's claim for damages." *Id.* at 159. In determining whether a defendant meets this burden, the Court reviews the damages that the plaintiff seeks at the time of removal, primarily those in the complaint. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

In actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In the Northern District of Ohio, courts value an injunction from the plaintiff's point of view.[1] *See, e.g., Garbaccio v. Columbia Gas Transmission Corp.*, 289 F. Supp. 2d 903, 905 (N.D. Ohio 2003); *Perotti v. Black & Decker (U.S.) Inc.*, 205 F. Supp. 2d 813, 818 (N.D. Ohio

---

[1] In determining the value of an injunction, courts are split as to the method. In a recent published opinion, the Sixth Circuit stated that it has not resolved this issue, although the panel suggested that previous cases value an injunction from the plaintiff's point of view. *See Olden v. Lafarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004).

Case No. 1:08-CV-2127
Gwin, J.

2002). From the plaintiff's point of view, the amount in controversy of an injunction is "the value of the right to be protected or the extent of the injury to be prevented." *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970), *cert. denied*, 400 U.S. 960 (1970).

In determining the amount in controversy, courts include the value of an injunction even when the value is difficult to calculate, so long as the monetary value is ascertainable. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 509-10 (6th Cir. 1992) (concluding that the value of an injunction to enforce a non-competition agreement exceeded the jurisdictional amount when the defendants were employees who generated sales over $100,000 annually, removed customer information, and the plaintiff alleged substantial competitive losses); *Pa. R.R. Co. v. City of Girard*, 210 F.2d 437, 439 (6th Cir. 1954) (finding that the district court had diversity jurisdiction when the plaintiff sought an injunction alleging irreparable injury and a small amount of monetary damages); *Hambell v. Alphagraphics Franchising, Inc.*, 779 F. Supp. 910, 912 (E.D. Mich. 1991) (holding that the value of an injunction enforcing arbitration exceeded the jurisdictional amount because the possible award in the arbitration involved $700,000). However, courts will not include the value of an injunction if it is incapable of monetary valuation. *See Amen v. City of Dearborn*, 532 F.2d 554, 559-60 (6th Cir. 1976) (determining that the right to reside in a predominantly Arabic Muslim neighborhood was incapable of monetary valuation and "cannot aid them in meeting the jurisdictional amount required"); *Goldsmith*, 426 F.2d at 1398 (concluding that the right to enter a military base and distribute leaflets cannot be valued in monetary terms).

When valuing the injunction from the plaintiff's viewpoint, the Court includes future losses that the plaintiff may incur if the injunction is denied. *See Wash. State Apple Adver. Comm'n*, 432 U.S. at 347 (including future losses and compliance costs that plaintiff would incur if the injunction

Case No. 1:08-CV-2127
Gwin, J.

was denied); *LoDal, Inc. v. Home Ins. Co. of Ill.*, 156 F.3d 1230 (Table), 1998 WL 393766 (6th Cir. June 12, 1998) (unpublished opinion) (concluding that the claims exceeded the jurisdictional amount because defense costs continued to rise in a suit for declaratory judgment and the policy limit was $200,000); *Buckeye Recyclers v. CHEP U.S.A*, 228 F. Supp. 2d 818, 827 (S.D. Ohio 2002) (holding that the claims, including future lost earnings, exceeded the jurisdictional amount).

### III. Analysis

Plaintiff Crocker Park's complaint seeks specific performance, declaratory relief, and injunctive relief. The Plaintiff argues that the amount in controversy is not satisfied here because the complaint seeks no monetary relief or damages. [Doc. 7 at 3.] As discussed above, however, when monetary valuation is ascertainable, the Court includes the value of non-monetary relief such as specific performance, declaratory relief, and injunctive relief for the purpose of determining the amount in controversy.

In assessing the value of the relief sought, the Court examines the claims from the plaintiff's view. The value of the relief Plaintiff Crocker Park seeks -- to enforce the lease -- is at a minimum the value of the lease. As the Plaintiff argues, the Court must assess the amount in controversy at the time of removal. That does not mean, however, that the Court excludes future rental payments from the valuation. The Court does not view the rental payments as monetary damages, but as the value, to the Plaintiff, of the relief sought in this case. With a Fixed Minimum Rent of $97,500 for each of the first five years of the lease and $107,500 for each of the next five years, rental payments alone on the lease will total over one million dollars. [Doc. 10-2 at 11-12.] This rental income represents the minimum value of the lease to Plaintiff Crocker Park, and the sum exceeds the requisite $75,000.

Plaintiff Crocker Park makes a further argument that this case is about insuring performance,

Case No. 1:08-CV-2127
Gwin, J.

rather than monetary value.  Apparently, if Defendant Lucky Brands fails to take possession of the premises and open for business, other tenants in the shopping center could also refuse to open, as the leases involved contain operating covenants and co-tenancy requirements. [Doc. 7 at 5.] If anything, this view of the case increases the value of the relief sought, and therefore, the amount in controversy.  The value to Plaintiff Crocker Park of enforcing the lease against Defendant Lucky Brands actually includes the rent of related premises.  If the Plaintiff does not receive the declaratory and injunctive relief sought, the domino effect could apparently render the newest building within the Crocker Park Shopping Center vacant.  While the Court does not attempt to place a monetary value on this potential loss, it is an amount capable of monetary valuation, based on the relevant rents and general profits derived from the shopping center.  The Court understands that the enforcement of the lease is of great monetary value to the Plaintiff, and thus finds that the amount in controversy in this case more likely than not exceeds the requisite $75,000 for diversity jurisdiction.

IV.  Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion to remand. [Doc. 7.]

IT IS SO ORDERED.

Dated: October 24, 2008                    s/         *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE